**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EILEEN MCGUIRE, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PALMERTON HOSPITAL and | : | |
| LOIS RICHARDS, | : | No. 12-1718 |
| Defendants. | : | |

**MEMORANDUM**

Schiller, J.                                                                 June 20, 2012

Plaintiff Eileen McGuire brought this breach of contract and wrongful termination action in the Monroe County Court of Common Pleas[1] to recover damages sustained during and following her employment with Palmerton Hospital. She sues Palmerton Hospital and her immediate supervisor, Lois Richards. Palmerton Hospital and Richards removed the case to this Court based on federal question jurisdiction. Presently before the Court is Plaintiff's motion to remand. For the reasons that follow, the Court grants Plaintiff's motion.

I.    **BACKGROUND**

McGuire was hired by Palmerton Hospital as a Computerized Tomography ("CT") Technologist on October 13, 2008, and she reported directly to Richards, the Director of Radiology.

---

[1] Defendants failed to remove this case to the proper court as required by 28 U.S.C. § 1446(a), as the Middle District of Pennsylvania—and not this judicial district—embraces Monroe County. However, this defect is merely procedural, not jurisdictional, and is waived by Plaintiff's failure to object. *See Korea Exchange v. Trackwise Sales Corp.*, 66 F.3d 46, 50-51 (3d Cir. 1995); *see also Foulke v. Dugan*, 148 F. Supp. 2d 552, 555 (E.D. Pa. 2001) (noting that a timely motion to remand on other grounds that fails to articulate a procedural defect in removal waives that defect).

(Compl. ¶¶ 13, 15.) She was fifty-five years old when hired and was the oldest CT Technologist at Palmerton Hospital. (*Id.* ¶¶ 16, 17.) Although hospital policy requires all CT Technologists to perform on-call services, McGuire conditioned her acceptance of employment on having no on-call assignments. (*Id.* ¶ 12.)

McGuire asserts that while at Palmerton Hospital, she was ordered to perform multiple illegal and unethical healthcare practices that violated the Occupational Safety and Health Act ("OSHA"), Nuclear Regulatory Commission regulations, Pennsylvania Department of Environmental Protection regulations, American Registry of Radiological Technology regulations and code of ethics, Pennsylvania Professional Nursing Law, Pennsylvania Health and Safety Code, and other statutory, regulatory, ethical, and public policy requirements. (*Id.* ¶ 19.) Defendants also committed acts that violated the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA"). (*Id.* ¶ 20.) McGuire refused to engage in the unlawful conduct required or encouraged by Palmerton Hospital and Richards. (*Id.* ¶¶ 21-29.)

McGuire was regularly harassed by Richards in front of other technologists throughout her employment, as well as by other employees and CT Technologists with the consent and encouragement of Richards. (*Id.* ¶¶ 31-32.) McGuire reported the harassment to Defendants, but no action was taken. (*Id.* ¶¶ 33-34.) Additionally, Richards and Sylvia Goral, Director of Human Resources, ordered McGuire to work an on-call schedule despite the agreement that she would not be required to do so. (*Id.* ¶ 36.) Richards and Goral told McGuire that if she did not report for her on-call assignments, she would be terminated for job abandonment, and consequently, McGuire worked the assigned on-call shifts. (*Id.* ¶¶ 37, 39.) Throughout McGuire's employment, Richards disciplined her for unknown and meritless violations. (*Id.* ¶ 41.) On July 19, 2011, Richards and

another employee brought McGuire into a meeting and falsely accused her of refusing to perform a scan, cancelling a CT order, and sending a patient to another facility. (*Id.* ¶¶ 45, 46.) At that meeting, Defendants terminated McGuire. (*Id.* ¶ 48.)

McGuire alleges that Defendants terminated her in retaliation for conduct she participated in that was required by law and for her refusal to perform acts prohibited by law. (*Id.* ¶ 50.) She claims that Defendants' actions violated public policy. (*Id.* ¶ 51.) McGuire also alleges that Defendants terminated her because she was significantly older than the other CT Technologists and that she was treated differently from younger CT Technologists and replaced by a younger CT Technologist. (*Id.* ¶ 53.)

McGuire sued Defendants in state court on March 7, 2010, bringing two causes of action against Defendants: (1) breach of contract, based on the parties' binding oral employment agreement that explicitly excluded on-call services; and (2) wrongful termination, based on McGuire's harassment and termination after she participated in conduct required by law, refused to perform acts prohibited by law, and engaged in conduct that she was privileged by law to perform. (*Id.* ¶¶ 57-70.) On April 5, 2012, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1446 based upon federal question jurisdiction. On April 12, 2012, Defendants filed a motion to dismiss for failure to state a claim, and on May 7, 2012, Plaintiff filed a motion to remand.

## II.      STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), defendants in state court may remove "any civil action . . . of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." District

courts have jurisdiction over civil actions arising under the laws of the United States. 28 U.S.C. § 1331. When the basis of removal is federal question jurisdiction under Section 1331, the propriety of removal rests on whether the plaintiff's complaint presents a federal question. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The removing defendant bears the burden of establishing jurisdiction. *Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1939); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). "Because lack of jurisdiction would make any decree in the case void and continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985); *see also Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996).


## III.    DISCUSSION

Plaintiff contends that this Court has no federal question jurisdiction because her Complaint alleges only state law claims, namely breach of contract and wrongful termination. (Pl.'s Mot. to Remand [Pl.'s Mot.] at 3.) She argues that any references to federal statutes and regulations are merely examples of Defendants' improper behavior. (*Id.*) Defendants counter that Plaintiff's claims arise under the ADEA and raise additional federal issues that require the interpretation of numerous federal statutes, regulations, and policies. (Defs.' Opp'n to Pl.'s Mot. to Remand [Defs.' Opp'n] at 4.)

A state-created claim can only invoke federal question jurisdiction if: (1) the claim necessarily raises a federal issue; (2) that federal issue is substantial and in actual dispute; and (3) exercising federal jurisdiction will not upset the federal-state balance of judicial responsibilities.

4

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Under *Grable*, only a "slim category" of such claims qualifies for arising-under jurisdiction. *Empire Healthchoice Assurances, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) (noting that "it takes more than a federal element to open the arising under door") (internal quotation marks omitted). The Third Circuit has interpreted this slim category to include state-created claims that "involve pure issues of law and an application of those issues, which sensibly belong in a federal court." *Kalick v. Nw. Airlines Corp.*, 372 F. App'x 317, 320 (3d Cir. 2010) (internal quotation marks omitted).

Defendants argue that Plaintiff's Complaint implicates substantial federal issues involving the ADEA, Nuclear Regulatory Commission regulations, and OSHA, along with public policies embodied in the United States Constitution. (Defs.' Opp'n at 4.) Plaintiff correctly argues that these federal laws, statutes, and policies are only mentioned as "exemplar standards" in connection with her breach of contract and wrongful termination claims. (Pl.'s Mem. in Supp. of Pl.'s Mot. to Remand [Pl.'s Mem.] at 7.) Mere reference to federal statutes and regulations is insufficient to support federal question jurisdiction. *Kalick*, 372 F. App'x at 320; *see also Siravo v. Crown*, *Cork & Seal Co.*, 256 F. App'x 577, 580 (3d Cir. 2007) ("[T]he District Court correctly determined that the passing [federal law] references did not provide a basis for federal-question jurisdiction over Plaintiffs' otherwise 'garden variety state tort law' claims.") (quoting *Grable*, 545 U.S. at 318).

Not every case that implicates federal laws, statutes, or policies qualifies as a "federal case" under *Empire Healthchoice*. *Salsgiver Commc'ns, Inc. v. Consol. Commc'ns Holdings, Inc.*, Civ. A. No. 08-663, 2008 WL 2682685, at *5 (W.D. Pa. June 30, 2008); *see also e.g.*, *Yellen v. Teledyne Cont'l Motors, Inc.*, Civ. A. No. 11-3325, __ F. Supp. 2d __, 2011 WL 6088636, at *7 (E.D. Pa. Dec. 6, 2011) (rejecting the defendants' attempt to rebrand an aviation accident action raising state

law claims as a challenge to federal aviation regulations and finding no "serious federal interest that merits a federal forum"). Similarly, claims that refer to federal public policy do not necessarily lead to arising-under jurisdiction. *See, e.g.*, *Conklin v. Moran Indus., Inc.*, Civ. A. No. 11-411, 2011 WL 2135647, at *5-6 (E.D. Pa. May 31, 2011) (rejecting federal question jurisdiction when a state law retaliation claim listed violations of public policies expressed in federal statutes as examples of the defendants' wrongdoing and the defendants failed to demonstrate the actual intent of the statutes was in dispute).  Furthermore, state law claims based on conduct that is also regulated by federal law does not necessarily give rise to federal question jurisdiction. *See e.g.*, *Hirschbach v. NVE Bank*, 496 F. Supp. 2d 451, 455 (D.N.J. 2007) ("A state law cause of action does not give rise to a substantial and disputed question of federal law simply because it is predicated on conduct regulated by federal law.")

Plaintiff alleges two causes of action in her complaint: (1) breach of contract, based on the employment agreement between the parties; and (2) wrongful termination. Although each claim refers to federal and state statutes, regulations, and public policy, both causes of action are Pennsylvania state law claims. Plaintiff's claims simply do not fit within the slim category of cases set forth in *Grable* and *Empire Healthchoice*. Since Plaintiff's claims arise under state law, any exercise of federal jurisdiction would upset the federal-state balance of judicial responsibility. *See, e.g.*, *Jouria v. Educ. Comm'n for Foreign Med. Graduates*, Civ. A. No. 09-4310, 2009 WL 3415273, at *2 (E.D. Pa. Oct. 22, 2009) (rejecting federal court jurisdiction in a case involving "garden-variety" breach of contract and tort claims, finding the plaintiff raised "state-law issues with which the state courts are familiar and with which they deal on a daily basis"). As in *Empire Healthchoice*, the federal issues raised in this case are unrelated to the actions of any federal agency, and the

6

determination of whether Defendants breached their employment agreement or wrongfully terminated Plaintiff is "fact-bound and situation-specific." *Empire Healthchoice*, 547 U.S. at 700.

Defendants additionally contend that Plaintiff artfully pled a federal claim as a state law claim in an attempt to escape federal question jurisdiction. (Defs.' Opp'n at 3.) Declining the mere option of filing a federal claim is not dispositive of deceptive behavior. *See, e.g.*, *Ruchka v. Husfelt*, Civ. A. No. 08-779, 2008 WL 2682686, at *9 (W.D. Pa. July 1, 2008) ("The fact that plaintiff's state common law causes of action *can be* claimed as violations of the Fourth Amendment does not mean that they *must be*.") (internal quotation marks omitted). The courts have long recognized that the plaintiff is master of her complaint and is free to decide what law she will rely on. *Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480 (1915); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913); *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006). Even accepting Defendants' argument that Plaintiff could have filed a federal claim, federal question jurisdiction cannot be created by implication. Whatever options Plaintiff initially had in seeking relief, she ultimately chose to file a state law claim in a state court.

## IV.    CONCLUSION

Plaintiff's Complaint does not state any claim arising under federal law. Though her Complaint references alleged violations of federal laws and regulations, these references are merely examples of Defendants' conduct and do not create claims that arise under federal law. This Court therefore lacks jurisdiction over the action and grants Plaintiff's motion to remand.  As remand moots Defendant's motion to dismiss, the Court will also deny that motion. An appropriate Order will be docketed separately.